UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Sunrise International Leasing Corporation, a Minnesota corporation d/b/a Sunrise Leasing Corporation,

Plaintiff,

vs.

Innovative Communications Technologies, a Nevada corporation,

Defendant.

Case No.01-1666 (PAM/SRN)

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

Based upon an order of this court dated July 25, 2002, the file and proceedings had herein, the court makes the following as its:

**FINDINGS OF FACT**

1. Plaintiff Sunrise International Leasing Corporation ("plaintiff"), a Minnesota corporation, is a leasing business with its principal place of business located at 5500 Wayzata Boulevard, Suite 725, Golden Valley, Minnesota 55416.

2. Defendant Innovative Communications Technologies, Inc. is a Nevada corporation with its principal place of business at Defendant Innovative Communications Technologies, Inc., 2100 Westlake Avenue North, Suite 2222, Seattle, Washington 98109.

3. On March 22, 2000, defendant entered into a Master Lease Agreement ("Master Lease") with plaintiff wherein defendant agreed to lease from plaintiff, subject to the terms of the Master Lease and any attached or subsequent Equipment Lease Schedule ("Schedule") certain equipment to be

FILED OCT 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 25 2002
DEPUTY CLERK

used by defendant for commercial and business purposes. The equipment listed on the Schedules is subject to the applicable Master Lease and all conditions and terms stated therein.

4. On or about March 22, 2000, and again on August 28, 2000, plaintiff leased to defendant certain equipment pursuant to two (2) separate Schedules. The Schedules were executed by defendant's duly authorized representative and in each instance defendant accepted the equipment referred to therein subject to the terms and conditions of the Master Lease.

5. The equipment was duly delivered to and accepted by the defendant, but at all times title to the equipment has remained with lessor.

6. As of June 6, 2001, defendant has been in default of its payment obligations under the terms of the Master Lease and Schedules.

7. Plaintiff has caused a Notice of Default to be served on defendant with respect to each instance of default.

8. As a direct result of defendant's default, as of June 6, 2001, plaintiff has been damaged as follows:

| | |
|---|---|
| Equipment Schedule #72011193AA | $19,473.99 |
| Equipment Schedule #72011193AB | $19,191.45 |
| Equipment Schedule #72011193AC | $77,593.48 |
| Equipment Schedule #72011193AD | $22,692.14 |
| Equipment Schedule #72011193AE | $42,174.62 |
| Equipment Schedule #72011193AF | $39,373.56 |
| Equipment Schedule #72011193AG | $36,819.74 |

| | |
|---|---|
| Equipment Schedule #72011193AH | $26,926.68 |
| **Principal Amount** | **$284,245.66** |

9. No part of said principal balance due of $284,245.66 has been paid by defendant to plaintiff.

10. Defendant failed to remedy the defaults within the ten-day period set forth in the Master Lease by remitting the payments due pursuant to the Master Lease and Schedules. Pursuant to paragraph 16 of the Master Lease, plaintiff is entitled to take one or more of the following actions:

a. Declare the entire amount of the remaining lease payments, including arrearages, due and immediately payable; and

b. Take peaceful possession of the equipment with or without court order; and

c. Recover all commercially reasonable costs and expenses incurred by plaintiff in any repossession, recovery, storage or repair, sale, release or other disposition of the equipment.

11. Pursuant to paragraph 17 of the Master Lease, defendant is additionally liable for all costs and expenses, including reasonable attorneys' fees incurred by plaintiff in exercising any of its rights or remedies thereunder.

12. Defendant was duly served with plaintiff's Summons and Verified Complaint on August 16, 2001, as evidenced by the Affidavit of Service attached to the Verified Complaint.

13. On July 9, 2002, defendant's counsel made a motion to withdraw representation.

14. On or about July 23, 2002, the parties through their respective counsel contemplated and arrived at the terms of a Joint Stipulation and Order for Claim and Delivery to facilitate the return of the lease equipment, a copy of which was provided to defendant by then-withdrawn counsel.

15. On July 25, 2002, the court issued an order on the following issues:

a. Granting defendant's counsel conditional leave to withdraw its representation and ordering defendant to obtain legal counsel by August 23, 2002. Failure to obtain legal counsel will result in entry of default judgment against defendant.

b. Ordering defendant to fully respond to plaintiff's discovery requests and allowing for sanctions up to and including entry of default judgment in favor of plaintiff and against defendant in the event defendant failed to fully respond to discovery.

c. Ordering defendant's counsel to provide defendant with a certified letter by July 26, 2002, explaining the issues address in the court' July 25, 2002, order.

16. Defendant was provided with a copy of this court's order dated July 25, 2002.

17. Defendant failed to respond to plaintiff's discovery requests.

18. Defendant failed to obtain legal counsel.

19. The time allowed to plead or otherwise defend in this action has expired and defendant has failed to plead or otherwise defend.

20. On September 5, 2002, plaintiff received from defendant a delivery of equipment presumed to be that of the equipment subject to the Master Lease and Equipment Schedules herein. An audit of the shipment received has not been completed.

21. As of October 14, 2002, the principal amount due and owing from defendant to plaintiff is $284,245.66.

22. As of October 14, 2002, interest on the principal at 6% from June 6, 2001, the date of defendant's default under the Master Lease, to October 14, 2002, is $17,461.19. Interest will continue to accrue on the principal balance at the per diem rate of $46.73 after October 14, 2002, until the date of entry of judgment.

## CONCLUSIONS OF LAW

1. The defendant is in default as a result of failure to comply with this court's order dated July 25, 2002.

2. As a matter of law, plaintiff is entitled to default judgment against the defendant.

3. Plaintiff is entitled to judgment against the defendant for all principal and interest owing under the Master Lease and Equipment Schedules.

4. The Joint Stipulation and Order for Claim and Delivery executed by plaintiff's counsel is a valid and enforceable agreement and plaintiff is entitled to immediate possession of any equipment remaining in defendant's control or in the alternative, plaintiff is entitled to an additional judgment in an amount equal to the end-of-lease market value of the equipment.

5. Plaintiff is entitled to recover from the defendant all costs and disbursements in enforcing plaintiff's rights against the defendant, and plaintiff shall submit its bill of costs within 10 days after entry of judgment.

6. Plaintiff is entitled to recover from the defendant reasonable attorneys' fees incurred in enforcing its rights against the defendant and shall submit a motion for attorneys' fees within 14 days after entry of judgment.

## ORDER FOR JUDGMENT

1. Judgment shall be entered in favor of plaintiff and against defendant in the principal amount of $284,245.66, together with interest accruing on the principal balance after October 14, 2002, at the rate of $46.73 per day until the date of entry of judgment.

2. If it is determined that equipment still remains in defendant's possession after a full and complete audit of the equipment returned by defendant on September 5, 2002, plaintiff is entitled

to immediate possession of the same or in the alternative is entitled to an additional judgment in an amount equal to the market value of the equipment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: October 25, 2002 By: ______________________

Paul, A. Magnuson, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*